We'll proceed with the second day calendar of the day, which consists of, our panel consists of Judge Livingston and Judge Goldberg, who is sitting by designation, and whom we welcome here, whom we don't see enough of, but we're always glad to see him. And we have some cases. The clerk indicates that counsel in each of the cases has signed in. And so we're prepared to go with Rainer v. ETrade Financial Corporation. Go ahead. Good afternoon. I'm Leslie Hurst, counsel for Ty Rainer, plaintiff and appellant. I'm going to leap right into SLUSA's misrepresentation and omission requirement. This Court should follow the precedent that this circuit set in the Henry Kinggate case in 2015. The Kinggate approach is espoused by the majority of circuits. It's also followed by the Third and Ninth Circuits. And affirmance of the order below would essentially require this Court to abrogate its decision in Kinggate. Kinggate set out the roadmap to determine if a complaint alleges misrepresentations, omissions, or, you know, deceptive conduct covered by SLUSA. And the roadmap it set out is that only if misconduct, fraud, operates as a factual predicate to a legal claim is SLUSA implicated. If plaintiff can succeed on their claim without showing that defendants lied, failed to disclose, or had a deceptive scheme, we don't have a SLUSA problem. We don't have a SLUSA problem here. We allege that the duty of best execution requires eTrade to take certain actions, certain steps. Before executing a trade for its customers, it has a fiduciary duty to go out and find the best trading venue where the trade's not just going to sit in a queue, where they'll get the best price, where there's price improvement opportunities, a number of factors, a number of steps they need to take. They didn't take those steps. Instead, eTrade uses a computer system, a computer software, which automatically routes trades to predetermined trading venues that give eTrade the most money in rebates. They act for their own best interest and not for their customers. To prove this case, we're looking at conduct. We're looking at what eTrade was supposed to do and didn't, not what it said or didn't say. And so misrepresentations or omissions are not a predicate to our fiduciary duty claim, and we do not have a SLUSA problem. SLUSA's not implicated. Well, we did say in Kengate that it doesn't, it's not just the elements. It's whether you're relying on a, I mean, if the SLUSA, if essentially the theory of the case relies on an omission or a false representation or an artifice, it doesn't matter if it's an element of your claim. It's still barred by the statute. That's true, and I didn't mean to say that it's an element. It's whether, regardless whether it's an element, whether we need to prove a misrepresentation in order to succeed, and we do not under our fiduciary duty claim as alleged. Now, conceivably, there can be a fiduciary duty claim that relies on misrepresentations. A principal could make representations to the agent. The agent is supposed to take act, and it didn't, and it lies about it. To prove that fiduciary duty claim, you're going to have to prove representations and misrepresentations by the agent. We don't have to prove that here. We have to prove that there is a duty of best execution, that it requires steps A, B, C, and D, that E-Trade did not take steps A, B, C, and D, and therefore they breached their fiduciary obligations. We don't have to prove what they said or didn't say, and it's irrelevant. And I think it's, in this case— At least what they didn't say? I mean, if they had disclosed we are doing these trades in a way that doesn't benefit you, do you mind? You know, uniquely in this case, I don't think that would matter, and that's because best execution is required by law. It's not a negotiated term. It's not conduct the parties come to an agreement on such that it can be waived. E-Trade, by law, has to do best execution. So in this case, uniquely, no, it wouldn't matter if they did disclose it. They can't waive it. They can't disclose their way out of their legal obligation to trade, their customer's trade in the best venue for its customers and not for the benefit of itself. The—what Your Honor just went to is almost the—is close to the approach that the Seventh Circuit recently took in the Holtz and Goldberg case. That is a fractured opinion. It—we have a majority concurrence and a very strong dissent. And—but that approach would find that every fiduciary duty claim, every breach of contract claim is really about a nondisclosure because if— Well, and Judge Easterbrook said specifically that you have a securities problem, not a fiduciary problem, with regard to transactions such as this. So what's wrong with his analysis? What's wrong with it is because you don't turn—I mean, I like Judge Hamilton's words where he says you don't take a perfectly good breach of contract case or fiduciary duty case and by reverse alchemy turn it into a nondisclosure case, which is what he's doing. Every obligation is really a nondisclosure case because they didn't disclose that they were not living up to their duties. It's wrong first because, as I said before, here you can't disclose your way out of the best execution. Second, it goes far beyond the language of an intent— What authority do we have for that particular proposition, that you can't disclose your way out of a legal obligation in this circumstance? Because E-Trade is obligated under the FINRA regulations to abide by best execution. They are a member of FINRA, and therefore they have agreed to abide by FINRA rules. So they are obligated as a member of FINRA to do best execution. I think it's 53-1-0 is the FINRA regulation. So was I—oops. I'm going to—if you don't mind, I'm going to move to the in connection with element because I am running out of time. That's all right. The whole Chadbourne-Dabbitt thing is really very simple. The cases work together. Chadbourne doesn't modify Dabbitt because the cases hold the same thing, essentially. First of all, Chadbourne doesn't modify Dabbitt because the core holding of Dabbitt is untouched. Dabbitt said that SLUSA covers not just buyers and sellers of securities. It also covers holders of securities. That holding of Dabbitt is untouched. Secondly, Dabbitt is not modified because the in connection with as used in Dabbitt, as the Supreme Court used it in Dabbitt, was that the fraud induced the securities purchase. And the Chadbourne court was very clear about that. They're saying we're not modifying Dabbitt. We're not having a definition that we've never used before. In Dabbitt, in Zanford, and in every other case where the Supreme Court considered in connection with, it was in connection with was found when the fraud induced the purchase, sale, or holding of a covered security. We don't have that here. And E-Trade as much as conceded that by arguing very hard that we need to apply the Dabbitt coincide standard where we would have a SLUSA problem as opposed to the Chadbourne standard where a causal connection is required and we do not have a problem. And I'd like to reserve the rest of my time. I do want to make sure I understand, and we're in agreement, that you don't have any case authority for the basic proposition you're asserting here. And it's an important proposition, and it doesn't mean that we wouldn't agree with you, but relying on FINRA, was FINRA a factor in any of these district court cases around the country which went against you? FINRA was mentioned in all of those cases. And you are correct, I don't have case authority, but I believe it's correct as a matter of law that they are required to follow FINRA as a member of FINRA. And since they're required to follow the FINRA death execution regulation, they can't just waive that as long as they've agreed to abide by that. Thanks very much. Thank you. Mr. Worcester. May it please the Court, I'm Corey Worcester from the Quinn Emanuel firm here on behalf of Defendant Appellee Eadre. And I'll also start with misrepresentations or omissions. And I'd like to point out that to determine whether a misrepresentation or an omission or a manipulative device is alleged, it's not simply an examination of the relevant pleading. And that's from the Romano case here in the Second Circuit. And Kinggate, which I think is a more recent statement, is the same. It doesn't depend on the elements of the claim. As the Court told us in Kinggate, notwithstanding that the claim asserts liability on the part of the defendant under a state law theory that does not include false conduct as an essential element, the claim can still be dismissed. And similarly in the Romano case, the Court said the task of determining whether SLUSA applies is not limited simply to an examination of the relevant pleadings. SLUSA requires a court's attention to both the pleadings and the realities underlying the claims. And basically what the standard in the Second Circuit is, is the courts are asking, if the claim is going to succeed, what does the plaintiff have to prove at trial to demonstrate its claim? And here, plaintiffs allege that E-Trade, not some third party like in the Madoff feeder fund cases, but E-Trade breached their duty. So the question under Kinggate and Romano is what is necessary to prove that breach of fiduciary duty? And here, the claim is that E-Trade acted as a broker-dealer with duty of best execution, that the duty of best execution allowed E-Trade discretion, and the discretion was that E-Trade could move trades to particular venues, and that E-Trade ignored that duty through a scheme involving an algorithm to route the trades to the venue that paid them the most money, benefiting themselves at the extent of their customers. Or stated another way, Rayner alleges that E-Trade was perpetrating a scheme to defraud Rayner by routing his trades for E-Trade's benefit, despite the duty of best execution and without disclosing those actions to Rayner. That states a securities claim. And as Ms. Hirsch just said, FINRA Rule 5310 is covered, and you see in the reply brief at page 15. They say E-Trade's actions are a violation of FINRA and SEC rules. The state of conduct that they allege in the complaint is a fraudulent scheme to benefit E-Trade at the expense of its brokers, that they state violates FINRA and SEC rules. I don't think there can be any doubt that that's a securities claim on its face, and that's been the holding of every court that's addressed the PFOF issue so far. It's also been the holding of . . . Let's assume that's the case. Where does that take us? What do you conclude from that? That these claims should be precluded by SLUSA, and that the case should be dismissed. And why should they be precluded by SLUSA? Because if the district courts that have looked at this are right, and if the SEC's statement that when the duty of best execution is violated, it's a manipulative device, what we have here is a manipulative device that is in connection with the trade of a covered security. And I don't think there can be any reasonable argument that when the duty of best execution involves literally the trading of securities, it's in connection with, then you have a covered security, you have a covered class action, you have a device, and you have all the elements of SLUSA preclusion met. So the manipulative or deceptive device language from the statute rather than the misrepresentation or omission language? I think it's both, Your Honor. And I think that Judge Kotel found that it was both correctly. I think all of the district court cases across the country have correctly found that it's both. And I think, Your Honor, as you pointed out and several of the best execution cases have pointed out, when you're talking about a duty of fiduciary duty, oftentimes what you're really talking about is a failure to disclose because the securities laws come with required disclosures. And what's being alleged here is on some level that no disclosure was made about that. But you can go either way, I think. I'm not suggesting that it has to be a manipulative device. It's and or both. If there's no more questions on that point, I'll move on to the in connection with requirement. I hate to beat a dead horse, but what about your opponent's argument on FINRA, that as a matter of law you are bound under FINRA? I think that's a very interesting point, Your Honor. And I think it's one that weighs, that cuts against our opponent, actually. If you look at these cases, this is sort of the second round of the PFOF cases over the years. The last rounds were all, was all decided on preclusion grounds, that federal law preempted the field. And this round has been decided largely on sluice because the plaintiffs have changed the way they've pled the cases. But the way they changed the way they pled the cases was not really to bring up a violation of FINRA. They instead said we're involved in a breach of fiduciary duty. And I think as, I think as Your Honor asked, why isn't it the case that disclosure would cure a breach of fiduciary duty? It usually does. And the answer is, well, because it would be a FINRA violation. That's the problem here. You're caught between one of two sides. If it's a FINRA and SEC violation, it's obviously a securities claim first, but it's also the case that you're asking the state courts to step in and regulate the FINRA rules and the SEC rules, which shouldn't happen because it's a very well-regulated scheme, and numerous state supreme courts have ruled that way. So you're sort of caught in a rock and a hard place a little bit. If you want to say it's a violation of the securities laws, then clearly it's a securities claim or it's preempted. If it's not a violation of the securities laws that you're relying on, if it's merely a breach of fiduciary duty, I think you're right. They haven't pointed to any case saying that's not curable by a disclosure when normally it would be. Normally the breach of the duty of loyalty can be cured by telling a full and complete disclosure explaining what you're doing. So help me understand why, and this is a question that is directed to the purposes and litigation practices of your opponent, and I'll ask her the same question. Why, in these circumstances, why wasn't this action simply brought as a securities case? I would have to defer to Ms. Hurst on that, but I would note there's already a securities case filed. It could be that they didn't want to lead plaintiff's fight. It could be the case that PSLRA discovery rules, maybe they wanted to avoid that. The short answer is I don't know, but there's a lot of strategic reasons that you would prefer a state law claim to a 10b-5 claim. Go on with your argument. Thank you, Ron. With respect to the in-connection requirement, best execution is an integral part of any purchase or sale of a security, and you don't need to look any further than Rayner's complaint to see that. Rayner describes a purchase or sale in his complaint as beginning when a client directs its broker to take a certain action, buy in order. The action is to sell. It's to purchase the covered security. The complaint then goes on to allege that E-Trade's duty of best execution is buying and selling stocks, clearly in connection with. And finally, Rayner alleges it would be inequitable for E-Trade to retain the profits, benefits, and other compensation it obtained through its wrongful acts, including the commissions and kickbacks, obtained in connection with routing the orders it issues. The in-connection language is directly from their complaint. And the holdings of every single court to address the best execution rule in the context of SLUSA have held that it is in connection with. And that's been true pre-Chadbourne and post-Chadbourne. Your Honor, I don't have any more points unless the panel has questions. That's fine. Thank you very much. Thank you. Ms. Hirsch. We don't think it's a viable securities claim. That's why we didn't bring it as a securities claim. We don't think you can prove those elements. And we don't allege ephemera violation. I brought ephemera as one reason to explain why flipping claims and trying to turn them into nondisclosure claims is not appropriate in this case. Regardless of ephemera, it's not appropriate to take a perfectly ordinary breach of fiduciary duty claim and make it a nondisclosure claim. And I think, again, I would go back to Henry Kinggate because that's what Kinggate did not do. Their defendants had both fraud claims. They said defendants lied, defendants failed to disclose all this information about the funds. And that's fraud. And those claims were precluded by SLUSA. In addition, those same defendants were charged with breach of contract and breach of fiduciary duty claims because they didn't execute their fiduciary duties towards the funds. They didn't do correct oversight, et cetera. Those claims were not dismissed by Kinggate. The Kinggate court, this court, did not say, oh, well, these perfectly good breach of fiduciary duty claims, they're really failures to disclose, and so we're going to throw them out along with fraud claims. That's what the district court did, and that's what this court reversed. Thank you. Thank you very much. We reserve decision.